IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMELLE JAMES                                                                    PLAINTIFF

v.                                           Civil No.: 6:18-CV-06099

DIRECTOR WENDY KELLEY, JADA                                      DEFENDANTS
LAWRENCE, MINDY SHELL, WARDEN
NAUSIA FAUST, DEPUTY WARDEN
ANTHONY JACKSON, SERGEANT
JASON CLEMONS, and SERGEANT
CHERRYL ASHCRAFT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United

States District Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.  BACKGROUND

Plaintiff filed his Complaint on October 15, 2018.  (ECF No. 1).  The Court entered an

Order directing Plaintiff to file an Amended Complaint on October 16, 2018.  (ECF No. 6).

Plaintiff did so on October 29, 2018.  (ECF No. 7).  Plaintiff is currently incarcerated in the

Arkansas Department of Correction ("ADC") Ouachita River Unit.  He alleges his constitutional

due process rights were violated in connection with a disciplinary charge and conviction received

1

at the Unit on May 11, 2018. (ECF No. 7 at 5). Specifically, Plaintiff alleges that Defendant Ashcraft never presented him with a waiver of disciplinary hearing form to be signed in front of a witness and did not give him a copy of that form, both in violation of ADC policy and practice.[1] (*Id.*). He alleges this violated his right to be present and heard at the disciplinary hearing. (*Id.* at 5-6). Plaintiff alleges that Defendants Faust, Jackson, and Lawrence failed to confirm Plaintiff's signature on the waiver form in violation of ADC policy and practice. (*Id.* at 6). He alleges that when he filed a complaint, Defendant Ashcraft claimed he failed to appear at the disciplinary hearing. (*Id.* at 8, 10). Finally, Plaintiff alleges that Defendant Ashcraft's response to Defendant Clemons regarding his informal grievance "resulted in confirmation by Mindy Shell's Memorandum that no formal grievance was recorded." (*Id.* at 7).

Plaintiff submitted several documents with his Complaint. The appeal form for his disciplinary charge indicates he waived the right to appeal. (ECF No. 7-1). A letter attached to this document indicates he waived his attendance at the disciplinary charge hearing and therefore cannot appeal. (ECF No. 7-2). A copy of the ADC disciplinary policy indicates an inmate may waive their right to appear in Disciplinary Court in writing or through behavior. (*Id.* at 2). Plaintiff provided a copy of a unit level grievance form dated May 25, 2018 and received by Defendant Clemons. The form did not have an assigned number. He grieves his reduced class and restrictions due to the disciplinary conviction and states he did not appear at a hearing and did not waive his right to a hearing. The response by Defendant Ashcraft states he was put on a lay-in list the day of the hearing and put on standby. It further states he was called out several times that morning and he "did not show up to Court at all which made you a failure to appear." (ECF No. 7-3). A

---

[1] Plaintiff alleges a violation of ADC policy and practice several times in his Complaint. Violation of an internal ADC policy, alone, fails to state a cognizable claim, and these allegations will therefore not be addressed. *See Walton v. Dawson*, 752 F.3d 1109, 1122 (8th Cir. 2014) (violating an internal policy does not *ipso facto* violate the Constitution.").

request form dated August 5, 2018, indicates Plaintiff requested a reply to his grievance by the Wardens, and was told there were no grievances received from him since January of 2018. (ECF No. 7-4 at 1). A Memorandum by Defendant Shell dated August 30, 2018, states she can find no formal grievances from him in the eOMIS system concerning his disciplinary conviction. (*Id*. at 3).

Plaintiff proceeds against all Defendants in their personal and official capacity. (ECF No. 7 at 5-7). Plaintiff seeks compensatory and punitive damages. He also seeks "declaratory injunctive/prospective relief" to "brake [sic] patterns to punish." (*Id*. at 7). The Court will interpret this statement as a claim for prospective injunctive relief regarding Plaintiff's procedural due process rights to be present at future disciplinary hearings for charges against him.

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

3

## III.  ANALYSIS

### A.  Official Capacity Claims

#### 1.  Monetary Damages

Plaintiff seeks monetary damages against Defendants for his claims.  "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir.1998).   The Defendant in this case are all employees of the ADC.  Thus, Plaintiff's official capacity claim against the Defendants is a claim against the ADC. *Id.*  The ADC is a state agency.  *See Fegans v. Norris,* 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

The Defendants in this case are all employees of the ADC.  As such, the official capacity claims against them for monetary damages due are barred by sovereign immunity.

#### 2.  Prospective Injunctive Relief

Plaintiff also seeks prospective injunctive relief regarding his procedural due process right to be present in any future hearings for ADC disciplinary charges against him.  Under the exception set forth in *Ex Parte Young,* 209 U.S. 123 (1908), "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment." *Monroe v. Arkansas State University,* 495 F.3d 591, 594 (8th Cir. 2007).  Further, "[a]lthough *Wolff* did not expressly refer to a prisoner's right to attend his own disciplinary hearing, several courts have

4

held that such a right is implicit in the prisoner's right to call witnesses and present evidence at the hearing." *Mullins v. Mullins*, 2:16CV00021-BSM-JTR, 2016 WL 8814361, at \*4 (E.D. Ark. Sept. 27, 2016) (citing *Battle v. Barton*, 970 F.2d 779, 782 (11th Cir. 1992); *Moody v. Miller*, 864 F.2d 1178, 1180 (5th Cir. 1989)).  The Eighth Circuit has held that an inmate's disciplinary hearing "must offer the inmate an opportunity to explain his actions or otherwise defend himself before the disciplinary authority," but does not require a full "evidentiary battle."  *Goff v. Dailey*, 991 F.3d 1437, 1442 (8th Cir. 1993).  Thus, if Plaintiff's claim is not otherwise barred, he has stated a cognizable claim for prospective injunctive relief.

**B.  Disciplinary Charge Conviction – *Heck* doctrine**

Plaintiff's claims for monetary damages monetary damages based on the effects of his disciplinary charge conviction on his inmate class and restrictions are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings.  *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  An inmate challenge to the validity of a disciplinary conviction is barred by *Heck*.  *Edwards,* 520 U.S. at 646-48.  Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served.  *Id.*  Thus,

5

*Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley,* 83 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good- time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

As long as the validity or the duration of the sentence is not implicated by the challenge, however, an inmate may bring a procedural due process challenge for prospective injunctive relief concerning the constitutionality of the prison disciplinary proceedings. *Muhammad v. Close*, 540 U.S. 749, (2004); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *see. e.g. Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) (assuming the defendant had standing to do so, a claim for injunctive relief to enjoin defendants from conducting future hearings which lacked due process could survive for further review because "such relief would not call into question the underlying punishment").

Here, Plaintiff seeks monetary damages for the effects of his disciplinary charge conviction on his inmate class and restrictions.  Because he does not allege that his disciplinary conviction was reversed or otherwise favorably terminated, his claims for monetary damages concerning the effects his conviction are *Heck*-barred.  Plaintiff also alleges a possible due process claim with his statement that he did not appear at his disciplinary hearing and did not sign a form to waive his right to an appearance at the hearing.  Because success on this claim would challenge the validity of his conviction, this claim is also *Heck*-barred.  *See e.g. Edwards*, 520 U.S. at 648 (inmate's claim for declaratory and money damages based on allegations of deceit and bias on the part of the hearing officer are not cognizable under § 1983 because they would imply the invalidity of the punishment.)

Plaintiff's claim for prospective injunctive relief regarding his procedural due process right to be present in any future hearings for ADC disciplinary charges against him, however, is not barred by the *Heck* doctrine.  In this case, Plaintiff alleges he was denied the right to be present and heard at his disciplinary hearing, and requests that this be addressed for future hearings.  He has therefore stated a claim sufficient to survive preservice screening.  He names Defendants Ashcraft, Faust, Jackson, and Lawrence as being responsible for this violation of his rights, as they either did not present him with a waiver form or did not confirm his signature on the form.  Plaintiff failed to make any allegations against Defendant Kelley, Shell or Clemons in relation to his disciplinary hearing.

### C.  Defendant Kelley

Plaintiff makes no allegations against Defendant Kelley in his Complaint, naming her only in the caption of the complaint.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between Defendant Kelley and his claims. *See Martin*, 780 F.2d 1337.  (Even a pro se Plaintiff must allege specific facts sufficient to state a claim).  Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).  Plaintiff therefore failed to state a cognizable claim against Defendant Kelley.

### D.  Missing Grievance -Defendants Shell, Clemons and Ashcraft

Plaintiff's only allegations against Defendant Clemons and Shell are based solely on their connection to a grievance form which he alleges is missing from the ADC records system. Specifically, Defendant Clemons was the staff member who received his informal grievance form from Plaintiff, and, Defendant Ashcraft replied to the same form. According to Plaintiff, Ashcraft's reply then caused Defendant Shell to issue a memorandum stating that there were no formal grievances from him in eOMIS concerning his disciplinary conviction.  An inmate has no constitutional right to a grievance procedure. *Buckley v. Barlow*, 997 F.3d 494, 495 (8th Cir. 1993) (holding prison grievance process is a procedural right only, and as such "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.").  As there is no constitutional right to a grievance procedure, Plaintiff failed to state any cognizable claims against Defendants Shell, Clemons, or Ashcraft regarding his missing grievance.

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's claims for prospective injunctive relief concerning his due process right to be present at future ADC disciplinary proceedings against him remain for service and further consideration against Defendants Ashcraft, Faust, Jackson, and Lawrence.  I further recommend that all of Plaintiff's other claims be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

> **DATED** this **26th day of February 2019**.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE