IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JAMELLE JAMES                                                            PLAINTIFF


v.                                        Civil No.: 6:18-CV-06099


JADA LAWRENCE (Executive Assistant),                       DEFENDANTS
WARDEN NAUSIA FAUST (Arkansas
Department of Correction, Ouachita River),
DEPUTY WARDEN JACKSON (Ouachita
River), SERGEANT CHERRYL
ASHCRAFT (Disciplinary Officer)


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief

United States District Judge, referred this case to the undersigned for the purpose of making a

Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment.  (ECF No. 19).

## I.  BACKGROUND

Plaintiff filed his Complaint on October 15, 2018.  (ECF No. 1).  The Court entered an

Order directing Plaintiff to file an Amended Complaint on October 16, 2018.  (ECF No. 6).

Plaintiff did so on October 29, 2018.  (ECF No. 7).  Plaintiff is currently incarcerated in the

Arkansas Department of Correction ("ADC") East Arkansas Regional Unit.  His claims concern

his time in the Ouachita River Unit.  He alleges his constitutional due process rights were violated

in connection with a disciplinary charge and conviction received at the Unit on May 11, 2018.

(ECF No. 7 at 5).  Specifically, Plaintiff alleges that Defendant Ashcraft never presented him with

a waiver of disciplinary hearing form to be signed in front of a witness and did not give him a copy

1

of that form, both in violation of ADC policy and practice.[1]  (*Id*.).  He alleges this violated his right to be present and heard at the disciplinary hearing.  (*Id*. at 5-6).  Plaintiff alleges that Defendants Faust, Jackson, and Lawrence failed to confirm Plaintiff's signature on the waiver form in violation of ADC policy and practice.  (*Id*. at 6).  He alleges that when he filed a complaint, Defendant Ashcraft claimed he failed to appear at the disciplinary hearing.  (*Id*. at 8, 10).  Finally, Plaintiff alleges that Defendant Ashcraft's response to Defendant Clemons regarding his informal grievance "resulted in confirmation by Mindy Shell's Memorandum that no formal grievance was recorded." (*Id*. at 7).

Plaintiff submitted several documents with his Complaint.  The appeal form for his disciplinary charge indicates he waived the right to appeal.  (ECF No. 7-1).  A letter attached to this document indicates he waived his attendance at the disciplinary charge hearing and therefore cannot appeal.  (ECF No. 7-2).  A copy of the ADC disciplinary policy indicates an inmate may waive their right to appear in Disciplinary Court in writing or through behavior.  (*Id*. at 2).  Plaintiff provided a copy of a unit level grievance form dated May 25, 2018 and received by Defendant Clemons.  The form did not have an assigned number.  He grieves his reduced class and restrictions due to the disciplinary conviction and states he did not appear at a hearing and did not waive his right to a hearing.  The response by Defendant Ashcraft states he was put on a lay-in list the day of the hearing and put on standby.  It further states he was called out several times that morning and he "did not show up to Court at all which made you a failure to appear."  (ECF No. 7-3).  A request form dated August 5, 2018, indicates Plaintiff requested a reply to his grievance by the Wardens, and was told there were no grievances received from him since January of 2018.  (ECF

---

[1] Plaintiff alleges a violation of ADC policy and practice several times in his Complaint.  Violation of an internal ADC policy, alone, fails to state a cognizable claim, and these allegations will therefore not be addressed.  *See Walton v. Dawson*, 752 F.3d 1109, 1122 (8th Cir. 2014) (violating an internal policy does not *ipso facto* violate the Constitution.").

No. 7-4 at 1). A Memorandum by Defendant Shell dated August 30, 2018, states she can find no formal grievances from him in the eOMIS system concerning his disciplinary conviction. (*Id*. at 3).

Plaintiff proceeds against all Defendants in their personal and official capacity. (ECF No. 7 at 5-7). Plaintiff seeks compensatory and punitive damages. He also seeks "declaratory injunctive/prospective relief" to "brake [sic] patterns to punish." (*Id*. at 7). The Court interpreted this statement as a claim for prospective injunctive relief regarding Plaintiff's procedural due process rights to be present at future disciplinary hearings for charges against him.

On March 18, 2019, Plaintiff's official capacity claim against Defendants Ashcraft, Faust, Jackson, and Lawrence for prospective injunctive relief concerning his due process right to be present at future ADC disciplinary proceedings survived PLRA preserve screening. All other claims were dismissed without prejudice. (ECF No. 9).

Defendant filed their Motion for Summary Judgment on January 3, 2020. (ECF No. 19). Plaintiff filed his Response on March 30, 2020. (ECF No. 23).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  ANALYSIS

Defendants argue summary judgment in their favor is appropriate because: (1.)  Plaintiff failed to exhaust his administrative remedies against Defendants; (2.) Plaintiff's claim for prospective injunctive relief from Defendants in their official capacities is moot; and (3.) Plaintiff failed to establish the violation of his due process rights.  (ECF No. 20 at 6-24).

Plaintiff argues he was never presented with a waiver form to sign in front of a witness, which violated his due process rights.  (ECF No. 23).  He further argues he gave his grievance form to Jason Clemons.  (*Id*. at 2).

Based on the summary judgment record before the Court, Plaintiff's claim for prospective injunctive relief from Defendants in their official capacities is moot.  A federal court has no authority to give opinions upon moot questions.  *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992).  A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). When there is no showing of "any real or immediate threat that the plaintiff will be wronged again" injunctive and declaratory relief is unavailable. *Martin v. Sergeant*, 780 F.2d 1334, 1337 (8th Cir.

1985) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)).  Similarly, when a prisoner is no longer subject to the policies that he challenges, there is no live case or controversy.  *Martin*, 780 F.2d at 1337.

Here, the summary judgment record indicates that Defendant Ashcraft has retired from the ADC, and Defendant Lawrence no longer responds to disciplinary appeals for the Director of the ADC.  (ECF No. 20 at 14).  The record also indicates that Plaintiff was transferred from the ADC Ouachita River Unit to the ADC East Arkansas Regional Unit on December 21, 2018.  (*Id*. at 13).  Defendant Faust is currently the Warden at the ADC North Central Unit, and Defendant Jackson is currently the Warden at the ADC Maximum Security Unit.  (*Id*.)  Thus, none of the named Defendants in this case have the power or authority to execute an injunction at Plaintiff's current unit.  *See Randolph v. Rodgers*, 253 F.3d 342, 346 (8th Cir. 2001) (when inmate and Defendants were at different facilities, any prospective injunctive relief would be of no consequence because the Defendants had no power or authority to execute the injunction).  Nor does it appear that Plaintiff has continued to have issues with appearing at disciplinary court.  Plaintiff testified in his deposition that he has received several disciplinary charges at his new unit and has attended each of the disciplinary hearings for those charges.  (ECF No. 19-1 at 18-19).

As Plaintiff's claims are moot, there is no need to address Defendants' other arguments.

## IV.  CONCLUSION

Accordingly, I recommend that is Defendants' Motion for Summary Judgment  (ECF No. 19) be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this **11th day of May 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE